FILED

FEB 1 2 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATIONAL DESERT ASS'N
and GREAT OLD BROADS FOR
WILDERNESS,
　　　　　Plaintiffs,

　　　　　　　　　　　　　　　　　　　　　　　CV 09-862-PK

　　　　　　　　　　　　　　　　　　　　　　　OPINION AND
v.　　　　　　　　　　　　　　　　　　　　　　ORDER


JOAN SUTHER, KENNY McDANIEL,
and BUREAU OF LAND MANAGEMENT,
　　　　　Defendants.

PAPAK, Magistrate Judge:

　　　Plaintiff Oregon Natural Desert Association ("ONDA") filed this action against Joan

Suther, Kenny McDaniel, and the Bureau of Land Management (the "BLM") on July 27, 2009.

ONDA amended its complaint on September 14, 2009, adding Great Old Broads for Wilderness

("GOBW") as a new plaintiff.  Through their amended complaint, plaintiffs seek to reverse the

BLM's decisions to build new roads and gather feral horses within a federally protected area on

Steens Mountain in Oregon.

　　　Now before the court is the motion (#15) to intervene filed by movant Roaring Springs

Ranch, Inc. ("RSR"), on October 2, 2009.  RSR argues that it is entitled to intervention as of right

Page 1 - OPINION AND ORDER

and, in the alternative, requests permissive intervention. For the reasons set forth below, RSR's

motion to intervene is denied, with leave to refile later in these proceedings as discussed below.

## LEGAL STANDARDS

Federal Civil Procedure Rule 24 governs both intervention as of right and permissive

intervention. Rule 24(a) governs intervention as of right. It provides that, where no federal

statute confers the right to intervene, a party may intervene if the party, on timely motion, "claims

an interest relating to the property or transaction that is the subject of the action, and is so

situated that disposing of the action may as a practical matter impair or impede the movant's

ability to protect its interest, unless existing parties adequately represent that interest." Fed. R.

Civ. Proc. 24(a)(2). Rule 24(b)(1) governs permissive intervention by a private party. It

provides that, where no federal statute confers a conditional right to intervene, "the court may

permit anyone to intervene who . . . has a claim or defense that shares with the main action a

common question of law or fact." Fed. R. Civ. Proc. 24(b)(1).

In general, courts construe Rule 24 liberally in favor of the party seeking to intervene.

*See e.g., Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

When determining whether intervention is appropriate, a court is "guided primarily by practical

and equitable considerations." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998). The

party seeking to intervene bears the burden to prove that it has met the requirements for

intervention. *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). Courts

take "all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed

complaint or answer in intervention, and declarations supporting the motion as true absent sham,

frivolity or other objections." *Southwest Ctr. for Biological Diversity*, 268 F.3d at 820.

## FACTUAL BACKGROUND

In 2000, Congress enacted the Steens Mountain Cooperative Management and Protection Act of 2000 (the "Steens Act"), codified at 16 U.S.C. §§ 460nnn-122, to provide for conservation and management of Steens Mountain. The Steens Act, in relevant part, established the Steens Mountain Cooperative Management and Protection Area (the "CMPA"), a 496,000 acre area managed by the BLM on Steens Mountain.

Plaintiffs allege that, in May, June, and July 2009, the BLM undertook "extensive and unprecedented road construction" within the CMPA. Two roads were apparently extended into the Steens Mountain Wilderness Area, a federally-protected roadless area. Other newly constructed or newly extended roads lie within or adjacent to the Blitzen River Wilderness Study Area. Plaintiffs allege that BLM undertook the road construction without any environmental impact study of any kind, in violation of the Steens Act and other federal environmental laws, including the Federal Land Policy and Management Act of 1976 ("FLPMA"), the Wilderness Act of 1964 (the "WA"), the National Wild and Scenic Rivers Act of 1968 ("WSRA"), the National Historic Preservation Act ("NHPA"), the Archaeological Resources Protection Act of 1979 ("ARPA"), the national Environmental Policy Act ("NEPA"), and the Freedom of Information Act ("FOIA").

Movant RSR is a cattle ranch operation maintaining approximately 3,000 livestock on grazing allotments in the Steens Mountain area. RSR claims that the roads in question are "critical" for access to its private lands and grazing allotments in the area, and that feral horses increase the risk of overgrazing the land where RSR grazes its cattle.

## ANALYSIS

### I.    Intervention as of Right

An applicant for intervention as of right must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *Donnelly*, 159 F.3d at 410 (internal quotation marks omitted), *citing Cabazon Band of Mission Indians v. Wilson*, 124 F.3d 1050, 1061 (9th Cir. 1997).

The test for determining whether a prospective intervenor's interest is both significant and protectable "is not a clear-cut or bright-line rule. . . . Instead, the interest test directs courts to make a practical, threshold inquiry." *United States v. City of Los Angeles*, 288 F.3d 391, 398, 401 (9th Cir. 2002) (citations, internal quotation marks omitted). Generally, a prospective intervenor has a significant protectable interest "if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *Alisal Water*, 370 F.3d at 919. A prospective intervenor's interest need not, however, be protected by the statute under which the litigation is brought. To the contrary, "[i]t is generally enough that the interest is protectable under some law, and that there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. U.S. Envtl. Prot. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993). The relationship requirement is met "if the resolution of the plaintiff's claims actually will affect the applicant." *Donnelly*, 159 F.3d at 410.

Where a prospective intervenor asserts an interest in defending the legality of a measure it supported, judgment adverse to the measure impairs that interest. *See, e.g.*, *Prete v. Bradbury*,

Page 4 - OPINION AND ORDER

438 F.3d 949, 956 (9th Cir. 2006) (ballot measure supporters' interest in the measure would be

impaired by an adverse judgment declaring the measure unconstitutional); *Sagebrush Rebellion,*

*Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983) (conservation area supporters' interest in the area,

and their interest in the preservation of birds and their habitats, would be impaired by a judgment

adverse to the conservation area).

Courts consider "several factors" in assessing whether existing parties adequately

represent a prospective intervenor's interests, "including whether a present party will undoubtedly

make all of the intervenor's arguments, whether a present party is capable of and willing to make

such arguments, and whether the intervenor offers a necessary element to the proceedings that

would be neglected." *Prete*, 438 F.3d at 956, *quoting Sagebrush Rebellion*, 713 F.2d at 528.

"The burden of showing inadequacy of representation is minimal and is satisfied if the applicant

shows that representation of its interests may be inadequate." *Id.* (internal quotation marks

omitted), *quoting Sagebrush Rebellion*, 713 F.2d at 528.

"When an applicant for intervention and an existing party have the same ultimate

objective, a presumption of adequacy of representation arises." *Arakaki v. Cayetano*, 324 F.3d

1078, 1086 (9th Cir. 2003), *citing League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297,

1305 (9th Cir. 1997). If the prospective intervenor's interest is identical to that of one of the

existing parties, courts require a "compelling showing" to demonstrate inadequate representation.

*Id.*

In the Ninth Circuit, prospective intervenors do not have any significant protectable

interest in a federal agency's liability for violating a federal statute or regulation that solely

regulates that agency. *See Wetlands Action Network v. U.S. Army Corps of Eng'rs*, 222 F.3d

1105, 1114 (9th Cir. 2000). For example, "NEPA requires the federal government to issue an environmental impact statement before taking any action 'significantly affecting the quality of the human environment.'" *Sierra Club*, 995 F.2d at 1485 (citing 42 U.S.C. § 4332(2)(C)). Because no non-governmental party is capable of compliance with this requirement, only federal governmental agencies may be defendants in any NEPA compliance action. *See Churchill County v. Babbitt*, 150 F.3d 1072, 1082 (9th Cir. 1998); *see also Or. Natural Desert Ass'n v. Shuford*, No. 06-242, 2006 U.S. Dist. LEXIS 64452 at *11 (D. Or. Sept. 8, 2006) (holding that Harney County did not have a significant protectable interest in the BLM's liability for violations of NEPA, the Federal Land Policy and Management Act and the Steens Act because the statutory provisions at issue in the case regulated only federal agencies' actions).

The Ninth Circuit has limited the "none but the federal defendant" rule under certain narrowly specified circumstances. Under one exception, a party may intervene in the remedial phase of the litigation if the plaintiff seeks injunctive relief that "will have direct, immediate and harmful effects upon a third party's legally protectable interests." *Wetlands Action Network*, 222 F.3d at 1114 (applying the "none but a federal defendant" rule to a NEPA action challenging a permit issued to a private party but allowing the permittee to intervene to protect its interests in the remedial phase); *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1497 (9th Cir. 1995) (holding that state could intervene in the remedial phase of an action alleging that the U.S. Forest Service violated NEPA and the National Forest Management Act where injunctive relief would affect state's interest in the environmental health of state lands and the state's contractual obligation to provide fire suppression services).

In addition, the Ninth Circuit has declined to apply the "none but the federal defendant"

Page 6 - OPINION AND ORDER

rule where the statute at issue regulated private parties and local governments and did not

"principally regulate" federal agencies, and where a finding that the federal agency violated the

statute would affect a prospective intervenor's legally protected interest. *See Sierra Club*, 995

F.2d at 1485 (allowing a city to intervene as a defendant in a Clean Water Act action challenging

the EPA's decision to issue water treatment permits to the city because the suit would affect the

city's rights as a permit-holder and owner of the water treatment plants); *see also Southwest Ctr.*

*for Biological Diversity*, 268 F.3d at 820-821 (building industry association could intervene as a

defendant in an action alleging that a permit process created by a city in conjunction with federal

agencies violated the Endangered Species Act because association members were third-party

beneficiaries of the agreement between the city and federal agencies that created the process).

Here, it is clear that the allegations contained within plaintiffs' amended complaint all go

to the conduct of the BLM, and not to the rights of third parties such as RSR. In consequence,

the "none but federal defendant" rule operates to defeat RSR's motion for intervention as of right

during the liability phase of this litigation. However, it is equally clear that the analysis will

change at the remedial phase. At that point, the exception to the rule triggered when a party

seeds injunctive relief that "will have direct, immediate and harmful effects upon a third party's

legally protectable interests," *Wetlands Action Network*, 222 F.3d at 1114, would become

applicable and RSR would be entitled to intervention as of right. Similarly, if the parties should

attempt to reach settlement of this dispute during the liability phase of this action RSR could

become entitled to intervention as of right if the terms of any such settlement would directly and

immediately harm RSR's legally protectable interests.

For the foregoing reasons, RSR's motion to intervene as of right is denied with leave to

Page 7 - OPINION AND ORDER

refile at a later stage of these proceedings. The denial of RSR's motion is without prejudice to

RSR's right to file *amicus* briefing in connection with any dispositive motion either party may

file in this action.

## II.    Permissive Intervention

"An applicant who seeks permissive intervention must prove that it meets three threshold

requirements: (1) it shares a common question of law or fact with the main action; (2) its motion

is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."

*Donnelly*, 159 F.3d at 412, *citing Northwest Forest Res. Council v. Glickman*, 82 F.3d 825, 839

(9th Cir. 1996).[1]  Even if a prospective intervenor satisfied the three threshhold requirements,

"the district court has discretion to deny permissive intervention." *Id.*, *citing Orange v. Air Cal.*,

799 F.2d 535, 539 (9th Cir. 1986); *Spangler v. Pasadena City Board of Educ.*, 552 F.2d 1326,

1329 (9th Cir. 1977).

In exercising its discretion to permit or deny permissive intervention, the courts of the

Ninth Circuit consider whether the applicant-intervenor will contribute to the full development of

the claim, *see California v. Tahoe Reg'l Planning Agency*, 792 F.2d 775, 779 (9th Cir. 1986), and

whether the intervention "will unduly delay the main action or will unfairly prejudice the existing

parties." *Donnelly*, 159 F.3d at 412, *citing* Fed. R. Civ. Proc. 24(b)(2).  Thus, "[w]here proposed

---

[1] As to the third enumerated requirement, the Ninth Circuit has required an independent
basis for permissive intervention. *See Northwest Forest Res. Council*, 82 F.3d at 839; 6 Moore's
Federal Practice - Civil § 24.22.  In *Kootenai Tribe of Idaho v. Veneman*, however, the Ninth
Circuit stated, "all that is necessary for permission intervention is that [the] intervenor's claim or
defense and the main action have a question of law or fact in common."  313 F.3d 1094, 1108-
1110 (9th Cir. 2002) (citation omitted) (holding that the applicant-intervenors met the threshold
requirements for intervention because they asserted defenses "directly responsive" to the
plaintiff's claims).

intervenors would present no new questions to the court, a motion for permissive intervention is properly denied." *Hallco Mfg. Co. v. Hallstrom*, 161 F.R.D. 98, 103 (D. Or. 1995).

Here, because only the federal defendants may be liable for BLM's alleged failure to comply with governing law, the court lacks any independent basis for asserting jurisdiction over RSR in connection with this action. RSR's motion for permissive intervention is therefore denied with leave to refile at a later stage of these proceedings.

## CONCLUSION

For the reasons set forth above, RSR's motion (#15) to intervene is denied with leave to refile at a later stage of these proceedings, as discussed above.

Dated this 12th day of February, 2010.

Honorable Paul Papak
United States Magistrate Judge