IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| OREGON NATURAL DESERT ASS'N and GREAT OLD BROADS FOR WILDERNESS, | Case No. 09-CV-862-PK |
| Plaintiffs, | [PROPOSED] ORDER |
| v. |  |
| JOAN SUTHER, Field Manager, Andrews Resource Area, BLM, *et al*., |  |
| Defendants. |  |

PAPAK, Judge:

The Court has before it plaintiffs' Motion for Voluntary Dismissal, which seeks

voluntary dismissal under Fed. R. Civ. P. 41(a)(2). Having reviewed and considered the motion,

and good cause appearing, the Court concludes that said Motion for Voluntary Dismissal is

appropriate under Fed. R. Civ. P. 41(a)(2) and the facts presented. Accordingly,

EXHIBIT A

IT IS ORDERED that plaintiffs' Motion for Voluntary Dismissal is hereby GRANTED; and

IT IS FURTHER ORDERED that the Settlement Agreement executed by the parties is hereby incorporated into this Order and is included as an attachment hereto; and

IT IS FURTHER ORDERED that this Court shall have continuing jurisdiction to enforce this Order and the terms of the Settlement Agreement incorporated herein; and

IT IS FURTHER ORDERED that this case is hereby DISMISSED.

IT IS SO ORDERED.

DATED this _____ day of _____, 2010

_____

Paul J. Papak
United States Magistrate Judge

EXHIBIT A

# SETTLEMENT AGREEMENT

## *ONDA v. Suther*, 09-862-PK (Steens Mountain Road Work)

In exchange for plaintiffs Oregon Natural Desert Association ("ONDA") and Great Old Broads for Wilderness ("Broads") agreeing to drop their lawsuit against defendants Joan Suther, Kenny McDaniel and the Bureau of Land Management (collectively "BLM") challenging the agency's decision(s) to conduct road maintenance, improvement and construction activities on Steens Mountain as described in the Second Amended Complaint (hereafter referred to as the "project"), the parties agree as follows:

**I.      Route Rehabilitation and closure:**

Pursuant to the parties' agreement, BLM has issued and will implement a Decision Record ("DR") regarding rehabilitation and closure of the routes mentioned in the Second Amended Complaint. Prior to signing the RD, the BLM completed an Environmental Assessment ("EA"). BLM considered information developed in the National Environmental Policy Act ("NEPA") process and met other legal requirements prior to making the decision on rehabilitation. BLM agrees to implement the actions described in the DR to restore, rehabilitate and reclaim certain routes. BLM, ONDA and Broads agree that the elements of this Settlement Agreement are consistent with the DR.

      A.  Route Closures

BLM will close to public motorized use (but not to administrative, landowner, or grazing permittee use): (1) Tombstone Canyon Road between the Steens Mountain Loop Road and the connector route, (2) Tombstone Canyon Road east of the private land located in T33S-R32.5E, Section 21, and (3) Burnt Car Road will be closed just west of the junction with the way leading to Burnt Car Spring (access to the spring would remain for administrative purposes or permittee use).

      B.  Route Restoration, Rehabilitation & Reclamation

1.  The Unnamed Route (beginning at the Loop Road at T33S-R32E, Section 21, and joining Burnt Car Road at T33S-R32E, Section 14), Burnt Car Road (from T33S-R32E, Section 14, to the junction with the Tombstone-Burnt Car connector route), Tombstone-Burnt Car connector route, and Tombstone Canyon Road (between connector route and private land):

    BLM will reclaim these routes to their original (pre-project) condition. This means restoring the routes to 12 foot travelway widths with turnouts (except no turnouts on Burnt Car Road east of the junction with the Connector Road, which would be narrowed to a 10-12 foot travelway width), eliminating constructed ditches (except for ditches and water bars necessary to avoid erosion), redistributing side cast soil and rocks, reseeding with native seed, and manually relocating native plants in disturbed areas. Downed juniper trees would be

1

removed by either removing the trees or piling (using a backhoe or other similar equipment) and burning would occur as necessary and could occur within WSA.

Relocation and realignment of their pre-maintenance location would not occur. Placing of boulders, seeding, and/or shrub plantings may occur to prevent motorized equipment using these old existing routes.

2.  The closed sections of Burnt Car Road and Tombstone Canyon Road:

    BLM will rehabilitate these routes by converting them to single-track, non-motorized trails. This means eliminating crowning and drainage ditches, redistributing rocks and other side cast material, and reseeding with native seed.

3.  The 300-900 feet of road bladed in the WSA between the end of Burnt Car Road and the Wilderness Area boundary, and the 530 feet of road bladed in the Wilderness Area:

    BLM will reclaim and restore this constructed route. This means removing crowning and drainage ditches, redistributing rocks and other side cast material, and reseeding with native seed. Livestock grazing is prohibited in the area containing the 530 feet of constructed road in the Wilderness Area because it is within the No Livestock Grazing Area and the Donner und Blitzen Wild and Scenic River corridor. BLM will ensure that no grazing occurs in this area, including during and after the reclamation work. Signing the Steens Mountain Wilderness boundary would be done with carsonite signs and possibly boulders.

4.  Lauserica Road: BLM will reclaim the southernmost portion of this route (that part bordered on both sides by WSAs, from T35S-R32.5E, Section 9 to T35S-R32.5E, Section 12) to its original (pre-project) condition. This means restoring the route to a travelway width of 20-30 feet by eliminating widened ditches and side cast material, replacing large rocks moved during the project, and reseeding restored widened sections with native seed.

5.  Reseeding:

    1)  Route rehabilitation will take place in 2010 with reseeding to occur in the fall of 2010. As part of the North Steens juniper treatment, the Tombstone Pasture will be closed to grazing use from the end of the 2010 grazing season (reseeding will occur after the end of the 2010 grazing season) until at least the end of the 2013 growing season. The parties understand that weather conditions may prevent completion of the rehabilitation work in 2010; if the rehabilitation work is not completed until 2011, the grazing closure will be extended an additional growing season.

    2)  BLM will monitor and control the reclaimed area for noxious weeds.

2

ATTACHMENT TO EXHIBIT A

3) BLM will conduct effectiveness monitoring to ensure the desired vegetation response is achieved and will monitor soil erosion potential. Criteria for determining success of seedlings after three (3) growing seasons will include:

- perennial grasses of 5 plants per square meter
- forbs of 1 plant per square meter

4) If after three (3) growing seasons revegetation does not meet the standards set forth in the prior paragraph, BLM will take additional measures, following appropriate NEPA analysis, to assure the reseeding meets the standards. Such measures may include, but are not limited to:

- extending the closure period
- requiring measures to move cattle away from the reseeding areas (e.g., herding, temporary fencing, salt location)

6. BLM will monitor the success of all reclamation, rehabilitation, and restoration activities. Monitoring will include:

1) Photo points at key areas.

2) Assessment of the following rangeland health indicators: rills, water flow patterns, gullies, soil surface loss or degradation, and plant community composition and distribution relative to infiltration and runoff. Rangeland health indicators will be assessed according to the techniques in BLM Technical Reference 1734-6.

II. **Wilderness Inventory.** Following completion of the route closure, restoration, rehabilitation, and reclamation actions described above, as well as any juniper treatments undertaken in this area pursuant to BLM's North Steens Ecosystem Management Project, BLM will conduct a wilderness inventory, including updating its prior inventory findings and determinations, of ONDA's Blitzen River Proposed Wilderness Study Area.

III. **Public Notice for Route Construction, Improvement & Maintenance Activities in the CMPA**

1. As long as the current Resource Management Plan for the Andrew/Steens Resource Area is in effect, BLM will provide at least 30 days' notice to the public of the BLM's intent to perform maintenance on Level 2 roads within the CMPA. BLM reserves the right to conduct emergency road maintenance without prior notice.

2. BLM will provide ONDA and Broads with a copy of its road maintenance policy when it is completed in 2010.

3

ATTACHMENT TO EXHIBIT A

## IV. Update to Cooperative Management Agreement

The parties will update the existing Oregon Natural Desert Association-BLM Cooperative Management Agreement (BLM-CMA-OR020-2006-001), and create a new CMA for the Great Old Broads for Wilderness, to allow for the coordination of ONDA/Broads volunteers to assist BLM in its implementation of all route restoration, rehabilitation and reclamation activities agreed upon in the settlement. The agreement must meet all safety and health requirements of BLM and be supplemented by appropriate volunteer agreements.

## V. Litigation Costs

ONDA and Broads claim entitlement to attorneys fees and expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) et seq. Without any admission of fact or law, BLM agrees to settle ONDA and Broads's claim for attorneys fees and expenses in this matter in order to avoid further litigation. In settlement of these claims, the BLM shall pay $51,168.50 to ONDA by electronic funds transfer.

ONDA and Broads agree to accept payment of $51,168.50 in full satisfaction of any and all claims for attorneys fees, costs and expenses to which ONDA and Broads assert that they are entitled in these matters. Provided, however, that ONDA and Broads are not barred by this or any other provision of this Agreement from seeking attorney fees, costs and expenses incurred to enforce the terms of this Agreement, subject, however, to all available defenses, including that ONDA and Broads are not entitled to attorneys fees, costs or expenses related to enforcement of the Agreement.

Within 5 days of the date this Settlement Agreement becomes effective as provided in Section VI, ONDA and Broads's counsel shall provide the following information to counsel for BLM:

Bank name
Bank address
Routing number
Account number
Name of Account
Federal Taxpayer Identification number

BLM will immediately initiate the process for securing payment of the above referenced sum and BLM's counsel will provide documentation (via letter or email) to ONDA and Broads's counsel advising of the initiation of that process. The BLM shall make its best effort to transmit payment to ONDA and Broads no later than thirty days after their counsel provides the information listed above. The BLM will provide notice by email to ONDA and Broads's counsel that the electronic funds transfer has been made. Payment of this sum by the BLM shall constitute satisfaction in full of any claim for costs of suit or attorney fees arising out of these actions.

4

ATTACHMENT TO EXHIBIT A

**VI. Effective Date, Court Approval and Enforcement of the Agreement**

This Settlement Agreement will become effective when the plaintiffs submit a motion for voluntary dismissal advising the court that a BLM decision on rehabilitation has been issued and that the final decision is in accord with the elements set forth in Section I.A and I.B above and the plaintiffs submit a notice of withdrawal of the appeal of the rehabilitation and closure DR (filed August 13, 2010) to the Interior Board of Land Appeals. Plaintiffs will submit such motion for voluntary dismissal and such notice of withdrawal of appeal within 15 days of the parties' or their counsel executing this Settlement Agreement.

The parties agree that this Settlement Agreement should be attached to the motion for voluntary dismissal that the Agreement provides for ONDA and Broads to file, and that the motion for voluntary dismissal should request that the Court incorporate the Agreement into any final order or judgment granting that motion and dismissing the action at issue, such that the Court will have ancillary jurisdiction to enforce any breach of this Agreement in accordance with the following conditions.

In the event of a disagreement between parties concerning any aspect of this Settlement Agreement and its implementation, the dissatisfied party shall provide the other party with written notice of the dispute and a request for negotiations. The parties shall meet and confer in order to attempt to resolve the dispute within 30 days of the written notice, or such time thereafter as is mutually agreed. If the parties are unable to resolve the dispute within 60 days of such meeting, then either party may file a motion to enforce the terms of the Agreement or to vacate the dismissal of this case and to reinstate the litigation. The parties agree that contempt of court is not an available remedy for any violation of this Agreement, and the parties therefore knowingly waive any right that they might have to seek an order of contempt for any such violation.

In the event that the Court does not incorporate the Agreement into the final order or judgment granting the motion for voluntary dismissal, the parties agree to file a joint motion for reconsideration or relief from judgment asking the Court to incorporate the Agreement in an amended final order or judgment. In the event that the Court denies the joint motion for reconsideration or relief from judgment, the Agreement shall be void and the parties shall retain all their respective rights, including the right to seek appeal from the Court's final order or judgment.

//

//

//

//

5

ATTACHMENT TO EXHIBIT A

IT IS SO AGREED AND STIPULATED.

Dated:  August 26, 2010

  s/Peter M. Lacy                                           s/Sean E. Martin
PETER M. ("MAC") LACY, OSB #01322        SEAN E. MARTIN, OSB #054338
Senior Attorney                                 Assistant United States Attorney
lacy@onda.org                                   Sean.Martin@usdoj.gov
Oregon Natural Desert Association               U.S. Attorney's Office
917 S.W. Oak Street, Suite 408                  1000 S.W. Third Ave., Suite 600
Portland, OR 97205                              Portland, OR  97204-2902
Telephone: (503) 525-0193                       Telephone: (503) 727-1010

Of Attorneys for Plaintiffs                     Of Attorneys for Defendants

6

ATTACHMENT TO EXHIBIT A