IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OREGON NATURAL DESERT ASSOCIATION and GREAT OLD BROADS FOR WILDERNESS,

Plaintiffs,

v.

BUREAU OF LAND MANAGEMENT, JOAN SUTHER, and KENNY McDANIEL,

Defendants.

3:09-CV-862-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

Plaintiff Oregon Natural Desert Association ("ONDA") filed this action against Joan Suther, Kenny McDaniel, and the Bureau of Land Management (collectively, the "BLM") on July 27, 2009. ONDA amended its complaint on September 14, 2009, to add Great Old Broads for Wilderness ("GOBW") as an additional plaintiff. By and through their amended complaint, plaintiffs sought to reverse BLM decisions to build new roads and to gather feral horses within a federally protected area on Steens Mountain in Oregon.

Third-party Roaring Springs Ranch, Inc. ("RSR"), moved to intervene in plaintiff's action on October 2, 2009. This court denied that motion on February 12, 2010, expressly stating that RSR would have leave to refile at a later stage of litigation should it elect to do so, and that in the event the parties settled their dispute before reaching the remedies stage of proceedings, RSR would not be denied an opportunity to voice its concerns.

The parties mediated their dispute before Judge Coffin on May 14, 2010, and agreed to a settlement. According to the terms of the parties' settlement, the case would be dismissed following completion of a contemplated NEPA analysis. Before that contingency occurred, on July 8, 2010, RSR moved to intervene a second time. On August 27, 2010, the parties moved for voluntary dismissal of plaintiffs' claims, and the court granted the motion that same day. RSR's second motion for intervention was therefore denied as moot.

More than two years later, on September 28, 2012, RSR moved for relief from the court's August 27, 2010, order of dismissal. Based on the the agreement of counsel for RSR and the parties, on October 19, 2012, the court denied that motion without prejudice to refile at a later date. RSR refiled its motion on November 5, 2012.

Now before the court is non-party movant RSR's second-filed motion (#64) to set aside the August 27, 2010, order of dismissal. By and through its motion, RSR argues that the parties' settlement directly impairs its purportedly protected interests to graze livestock on certain BLM land and to access certain land by road, and that for this reason this action should be reopened to permit the court to vacate the parties' settlement and permit RSR to participate in further litigation or settlement proceedings. Both plaintiffs and the BLM oppose RSR's motion. I have considered the motion, oral argument on behalf of the parties, and all of the pleadings and papers

on file. For the reasons set forth below, RSR's motion should be denied.

## LEGAL STANDARD

Motions for relief from judgment are governed by Federal Civil Procedure Rule 60. Rule 60 provides, in relevant part, as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, **the court may relieve a party or its legal representative from a final judgment, order, or proceeding** for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.
>
> (c) Timing and Effect of the Motion.
>
> (1) Timing. **A motion under Rule 60(b) must be made within a reasonable time**—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.
>
> (2) Effect on Finality. The motion does not affect the judgment's finality or suspend its operation.
>
> (d) Other Powers to Grant Relief. This rule does not limit a court's power to:
>
> (1) entertain an independent action to relieve a party from a judgment,

order, or proceeding;

(2) grant relief under 28 U.S.C. §1655 to a defendant who was not personally notified of the action; or

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60(b), (c), and (d) (emphasis supplied). "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court and will not be reversed absent an abuse of discretion." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004).

## FACTUAL BACKGROUND

### I. The Parties' Underlying Dispute and its Settlement

In 2000, Congress enacted the Steens Mountain Cooperative Management and Protection Act of 2000 (the "Steens Act"), codified at 16 U.S.C. §§ 460nnn-122, to provide for conservation and management of Steens Mountain. The Steens Act, in relevant part, established the Steens Mountain Cooperative Management and Protection Area (the "CMPA"), a 496,000 acre area managed by the BLM on Steens Mountain.

Plaintiffs alleged in support of their claims that, in May, June, and July 2009, the BLM undertook "extensive and unprecedented road construction" within the CMPA. Two roads were apparently extended into the Steens Mountain Wilderness Area, a federally-protected roadless area. Other newly constructed or newly extended roads lie within or adjacent to the Blitzen River Wilderness Study Area. Plaintiffs alleged that BLM undertook the road construction without any environmental impact study of any kind, in violation of the Steens Act and other federal environmental laws, including the Federal Land Policy and Management Act of 1976

("FLPMA"), the Wilderness Act of 1964 (the "WA"), the National Wild and Scenic Rivers Act of 1968 ("WSRA"), the National Historic Preservation Act ("NHPA"), the Archaeological Resources Protection Act of 1979 ("ARPA"), the National Environmental Policy Act ("NEPA"), and the Freedom of Information Act ("FOIA").

The parties reached an agreement to settle their dispute on May 14, 2010, contingent upon issuance of a contemplated NEPA analysis. In relevant part, the parties' agreement specifically provided that the BLM would "close to public motorized use (but not to administrative, landowner, or grazing permittee use)" certain specified roads, including the so-called "Burnt Car Road," which was to be "closed just west of the junction with the way leading to Burnt Car Spring," access to which would nevertheless be permitted "for administrative purposes of permittee use." In further relevant part, the parties' agreement provided for the temporary closure to grazing of an area within the Wilderness Area known as "Tombstone Pasture" to permit a juniper reseeding project to go forward.

**II. RSR and its Potential Interests in the Subject Matter of the Parties' Dispute**

Non-party movant RSR is a cattle ranch operation maintaining approximately 3,000 livestock on grazing allotments in the Steens Mountain area. Prior to the parties' settlement of this action, RSR took the position that the roads in question are "critical" for access to its private lands and grazing allotments in the area, and that feral horses increase the risk of overgrazing the land where RSR grazes its cattle.

In support of the motion now before the court, RSR offers evidence that on September 12, 2011, it applied for renewal of an expiring permit to graze livestock on the Tombstone Pasture. On October 4, 2011, the BLM denied RSR's grazing permit application, basing its

adverse decision at least in part on the provision of the parties' settlement agreement requiring temporary closure of the tombstone Pasture to grazing. RSR subsequently re-applied for the same grazing permit renewal, again unsuccessfully. RSR appealed the BLM's adverse decisions administratively, and that appeal remains pending at this time.

In addition, RSR offers evidence that "in the summer of 2011" BLM installed a locked gate on the Burnt Car Road. RSR offers additional evidence, specifically the sworn declaration of Stacy Davies, RSR's Ranch manager, that RSR was never provided a key to that gate. The BLM disputes RSR's evidence, and offers the sworn declaration of BLM Rangeland Management Specialist Autumn Toelle that not only did the BLM provide RSR with the key to the Burnt Car Road gate, but that the key to the Burnt Car Gate lock is the same key that BLM provided to RSR to open a locked gate on the Steens Loop Road, that RSR has been using successfully and continuously for over ten years. Moreover, Toelle testifies that she spoke personally with Davies in November 2012 to confirm and verify that Davies was aware that the same "BLM-supplied key" opens both the Steens Loop Road gate and the Burnt Car Road gate (as well as the Tombstone Canyon Road gate, which RSR has also been using successfully for an unspecified period of time). RSR does not offer evidence and does not take the position that the Burnt Car Road is its only access to lands within the Wilderness Area to which it holds grazing rights, or that closure of the Burnt Car Road would make such access impracticable.

## III. Relevant Procedural History

As noted above, this action was first filed July 27, 2009. RSR first moved to intervene in this action on October 2, 2009, by and through which it argued both for intervention as of right and for permissive intervention. From that date forward, counsel for RSR received CM/ECF

notification of all docketed developments or events taking place in connection with this action.

I denied RSR's first-filed motion to intervene on February 12, 2010. In connection with RSR's arguments in support of intervention as of right, I concluded that the "'none but federal defendant' rule operate[d] to defeat RSR's motion . . . during the liability phase of this litigation." However, I observed that the analysis would be different in the remedial phase of litigation, where the possibility that plaintiffs might seek injunctive relief that would have direct, immediate, and harmful effects on RSR's "legally protectable interests" could lead to a different result. In most relevant part, I noted that "if the parties should attempt to reach settlement of th[eir] dispute during the liability phase of this action[,] RSR *could become* entitled to intervention as of right *if* the terms of any such settlement would directly and immediately harm RSR's legally protectable interests" (emphasis supplied). I therefore denied RSR's motion to intervene as of right with leave to refile at a later stage of these proceedings, specifically advising RSR that such denial was "without prejudice to [its] right to file *amicus* briefing" to make its voice heard in the course of litigating the parties' dispute. Because the court lacked any independent basis for asserting jurisdiction over RSR in connection with the dispute between the parties, I likewise denied RSR's motion for permissive intervention with leave to refile if appropriate. RSR did not appeal or seek leave to appeal from my denial of its first-filed motion to intervene, and did not seek certification of my denial as appropriate for appeal. RSR likewise did not act on my invitation that it make its voice heard through *amicus* briefing.

On March 19, 2010, I scheduled a case conference to take place between the parties on April 5, 2010. Counsel for RSR received CM/ECF notice of the scheduled conference. RSR did not subsequently attend the conference or seek leave of the court or parties to do so.

On April 5, 2010, following the scheduled case conference, I issued a minute order staying all deadlines in this case "as the parties [we]re pursuing a judicial settlement conference." Counsel for RSR contemporaneously received notification and a copy of that minute order by CM/ECF. Three days later, on April 8, 2010, Judge Coffin scheduled a settlement conference for May 14, 2010, at 10:00 a.m. in Eugene, Oregon. Judge Coffin's scheduling notice specified that the parties to be present should "include[] anyone who is to have input on the decision whether or not to settle the case." Counsel for RSR contemporaneously received notification and a copy of Judge Coffin's scheduling order by CM/ECF. RSR did not attend the settlement negotiations before Judge Coffin, and offers no evidence to suggest that it or its counsel ever requested leave of the court, of the parties, or of Judge Coffin to attend those negotiations.

On May 14, 2010, Judge Coffin issued an order indicating that the parties had reached a settlement agreement, and that the plaintiffs' claims would be dismissed following issuance of a contemplated NEPA analysis. Counsel for RSR contemporaneously received notification and a copy of Judge Coffin's order by CM/ECF.

Approximately two months later, on July 8, 2010, prior to issuance of the contemplated NEPA analysis, RSR filed its second motion to intervene in this action. While that motion was still pending, the contemplated NEPA analysis issued, and on August 27, 2010, the parties moved for voluntary dismissal of plaintiffs' claims. On that same day, I granted the parties' motion for voluntary dismissal. I subsequently denied RSR's second-filed motion as moot. RSR did not appeal or seek leave to appeal from my denial of its second-filed motion to intervene, and did not seek certification of my denial as appropriate for appeal.

As noted above, in "the summer of 2011" BLM installed a locked gate on the Burnt Car

Road. Also as noted above, in October 2011 BLM denied RSR's application for renewal of its permit to graze livestock on the Tombstone Pasture.

On September 28, 2012, RSR filed its first motion for relief from my order of dismissal of August 27, 2010. By agreement of RSR and the parties, RSR withdrew its motion without prejudice effective October 19, 2010. RSR refiled its motion on November 5, 2012.

**ANALYSIS**

RSR moves under Federal Civil Procedure Rule 60(b) for relief from judgment in this matter. Rule 60(b) provides that "a party or a party's legal representative" may seek relief from a "final judgment, order, or proceeding" for several enumerated reasons or alternatively for "any other reason that justifies relief." Fed. R. Civ. P. 60(b). With one exception, as a general rule a person who is neither a party nor a party's representative is not authorized to bring a motion under Rule 60(b) to set aside a final order. *See, e.g., United States v. Real Prop.*, 135 F.3d 1312, 1317 (9th Cir. 1998).

The only exception to the foregoing rule is for persons "in privity" with a party to the action in which the complained-of judgment or order issued:

> Rule 60(b) states that it may be utilized by "a party or a party's legal representative." Fed. R. Civ. P. 60(b). The provision allowing one who is in "privity" with a party to move for relief is an exception to the general rule that a nonparty lacks standing to make such a motion. *See* 11 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure: Civil 2d § 2865 (1995 & Supp. 2002). *See also Nat'l Acceptance Co. of Am., Inc. v. Frigidmeats, Inc.*, 627 F.2d 764, 766 (7th Cir. 1980) (party claiming to have a prior security interest in inventory lacked standing to set aside turnover orders because it was neither a party nor in privity with a party.)[1]

---

[1] In *Nat'l Acceptance Co. of Am., Inc. v. Frigidmeats, Inc.*, 627 F.2d 764, 766 (7th Cir. 1980), the Seventh Circuit affirmed a district court's denial of a Rule 60(b) motion on the grounds that the moving party was neither a party to the underlying action nor in privity with one,

> "'Privity' ... is a legal conclusion 'designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved.'" *United States v. Schimmels (In re Schimmels)*, 127 F.3d 875, 881 (9th Cir. 1997) (*quoting Southwest Airlines Co. v. Tex. Int'l Airlines, Inc.*, 546 F.2d 84, 94 (5th Cir. 1977) and defining "privity" for purposes of claim preclusion). *See also Wilder*, 817 F.2d at 1520 ("The term legal representative was intended to reach only those individuals who were in a position tantamount to that of a party or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment.").
>
> A party in privity is bound in the same way the party is bound. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 139 L. Ed. 2d 912, 118 S. Ct. 921 (1998) ("Under the doctrine of claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'") (citation omitted).

*Hasso v. Mozsgai (In re La Sierra Fin. Servs.)*, 290 B.R. 718, 728-729 (Bankr. Fed. App. 2002) (footnote supplied).

Here, it is quite clear that RSR was neither a party to this action nor in privity with one. At oral argument in connection with RSR's motion, counsel for RSR contended that the Rule 60(b) "standing" requirement could be satisfied if the court adopted the theory that RSR could be considered an intended third-party beneficiary of the parties' settlement agreement. RSR's argument is unpersuasive. As a preliminary matter, under no reasonable interpretation of the parties' settlement agreement could RSR be considered an intended third-party beneficiary of the agreement. More critically, however, RSR's argument at best could be construed as going to establishment of *constitutional* standing to seek relief, whereas, here, the question is not to do with constitutional standing requirements, but rather with statutory authorization to invoke the procedural mechanisms of Rule 60(b). Even if RSR were an intended third-party beneficiary of

---

notwithstanding that the moving party "probably should have been named as a defendant in the [underlying] actions in the first place." *See Fridgidmeats*, 627 F.2d at 766.

the parties' settlement agreement, it would nevertheless lack authority to move under Rule 60(b) because it is undisputedly neither a party to this action nor in privity with one. Because RSR lacks authority as a matter of law to move under Rule 60(b) for relief from judgment in this action, its motion should be denied. *See* Fed. R. Civ. P. 60(b); *see also Real Prop.*, 135 F.3d at1317; *Hasso*, 290 B.R. at 728-729; *Fridgidmeats*, 627 F.2d at 766.

Even if RSR could be construed as a party or in privity with a party to this action – and RSR offers no argument or evidence in support of that counterfactual proposition – its motion would nevertheless properly be subject to summary denial as untimely. Pursuant to Federal Civil Procedure Rule 60(c)(1), a Rule 60(b) motion must be brought within "a reasonable time." Fed. R. Civ. P. 60(c)(1). "What constitutes 'reasonable time' [for purposes of a Rule 60(b) motion] depends upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (affirming denial of Rule 60(b) motion as having been filed outside a "reasonable time" where filed "more than 30 days after the order" in question; giving "great weight" to the "interest in finality" because "the time for appeal had passed" when the Rule 60(b) motion was filed), *citing Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930-931 (5th Cir. 1976), *Security Mutual Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1067-1068 (10th Cir. 1980). More than two years passed between entry of judgment in this matter and RSR's first-filed motion for relief from judgment, more than one year passed between the denial of RSR's Tombstone Pasture grazing permit renewal application and RSR's first-filed motion for relief from judgment, and approximately one year passed following erection of a locked gate on the Burnt Car Road and

RSR's first-filed Rule 60(b) motion. In particular where, as here, the interest of not only the parties but also of the public in the finality of judgment is to be given "great weight" in light of the passage of time since the judgment ceased to be subject to appeal, *see Ashford*, 657 F.2d at 1055, RSR's failure to take action seeking vindication of what it perceives to be its rights prior to late September 2012 constituted unreasonable delay. Even if RSR had statutory authority to bring its motion, the long delay between entry of judgment and filing the motion would constitute good grounds for denying the motion.

Finally, even if the court were to consider the motion on its merits, it is not well taken. RSR's proffered argument and evidence would, if considered, fall well short of establishing grounds for relief from final judgment or order. As to the denial of RSR's application for renewal of its Tombstone Pasture grazing permit, RSR has not established that it had any "protectable interest" in renewal of that permit, and indeed cannot establish any such interest. The BLM's prior grant of a permit to graze livestock on Tombstone Pasture vested RSR with no rights either to the subject public lands or to renewal of its limited-purpose license to use those lands. *See* 43 U.S.C. § 315b; *see also, e.g., Pub. Lands Council v. Babbitt*, 529 U.S. 728, 735 (2000); *Osborne v. United States*, 145 F.2d 892, 896 (9th Cir. 1944). Because as a matter of law RSR lacked any protectable interest in renewal of its Tombstone Pasture grazing permit, the BLM's failure to renew the permit provides no grounds for concluding that judgment in this action might have been improvident.

As to the locked gate barring public access to Burnt Car Road, the evidentiary record discussed above does not establish that RSR has been barred from use of the gated road. Moreover, even if the BLM's extensive evidence that RSR possesses and has been using the key

to the gate's lock were entirely disregarded, RSR has offered no evidence that the Burnt Car Road constituted its only means of practical access to any land to which it has any protectable right of access. Finally, because the parties' settlement agreement specifically and expressly provides that landowners and permittees shall not be barred from using the Burnt Car Road its closure to the general public notwithstanding, it is clear as a matter of law that, even if RSR could establish that erection of the gate impaired RSR's protected right to access land within the Wilderness Area, relief from final order in this action would do nothing to remedy that impairment. Erection of the gate on Burnt Car Road therefore likewise provides no grounds for concluding that the final order in this action might have been improvidently entered.

**CONCLUSION**

For the reasons set forth above, non-party movant RSR's motion (#64) for relief from final order should be denied.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a

///

///

///

///

///

copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 10th day of January, 2013.

Paul Papak

Honorable Paul Papak
United States Magistrate Judge